UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CHARLES W. COLLINS,                    )
                                       )
        Plaintiff,                     )          Civil Action No. 12-CV-357-KSF
                                       )
v.                                     )
                                       )
JUDGE GLENN ACREE, ET AL.,             )          **MEMORANDUM OPINION**
                                       )               **AND ORDER**
        Defendants.                    )
                                       )

**** **** **** ****

Charles W. Collins is an inmate formerly[1] confined in the Fayette County Detention

Center in Lexington, Kentucky.  Proceeding without an attorney, Collins has filed a civil rights

complaint asserting claims under 42 U.S.C. § 1983.  [R. 1][2]

_____

[1] Based on a review of other cases pending in this Court in which Collins is a party, the Court concludes that Collins has been released from the Fayette County Detention Center.

[2] The named defendants are:  (1) Judge Glenn Acree, Chief Judge, Kentucky Court of Appeals; (2) Sam Givens, Clerk of the Kentucky Court of Appeals; (3) Jo Anne Wise, Judge, Fayette Circuit Court; (4) Tamra Gormley, Judge, Scott Circuit Family Court; and (5) "Doe" Defendants, Nos. 1-10.  Collins asserts claims against the defendants in both their individual and official capacities.
        Collins alleges that his claims fall under 28 U.S.C. § 1331 [R. 1, p. 1] and for that reason, the Clerk of this Court administratively classified this action as one falling under § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  A plaintiff alleging that *federal* officials violated his federal constitutional rights would assert claims under §1331 and *Bivens*, but all of the defendants Collins has named in this action are *state* officials, not federal officials.  A plaintiff alleging that state officials violated his federal constitutional rights would assert such claims under 42 U.S.C. § 1983, not 28 U.S.C. § 1331 and *Bivens*.  Therefore, the Clerk of the Court will be instructed to re-classify this action as one falling under 42 U.S.C. § 1983.

1

The Court must conduct a preliminary review of Collins' complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Collins' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Collins' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court will dismiss it because Collins has not stated grounds entitling him to relief under § 1983. The Court will also deny as moot Collins' motions seeking either a stay and/or the appointment of counsel.

## ALLEGATIONS OF THE COMPLAINT

Collins alleges that in August 2012, he filed a petition "for an extraordinary writ, in the nature of Quo Warranto...." [R. 1, p. 2]. He states that he filed his petition as an "original action" pursuant to CR 76.36.[3] [*Id*.]. Collins does identify the court in which he filed his petition/ original action, but he gives the impression that he filed it in the Kentucky Court of Appeals. Collins alleges that "Defendant Acree" arbitrarily denied his petition and violated his

---

[3] CR76.36 is a Kentucky Rule of Appellate Procedure for filing original proceedings in an appellate court.

constitutional right of access to the court by denying his motion to proceed *in forma pauperis* based on alleged deficiencies in that motion.  [*Id*., p. 2]  Collins also alleges that Defendant Sam Givens "wrongfully" and through an "act of negligence" supplied him with the wrong *in forma pauperi*s form, *i.e.*, one that did not contain a notary provision.  [*Id*., p. 3]  Collins further alleges that Acree and Givens "combined" to deprive him of access to the courts and violate his due process rights.  [*Id*.]  As noted, Acree is the Chief Judge of the Kentucky Court of Appeals and Givens is the Clerk of the Kentucky Court of Appeals.

However, the Kentucky Court of Appeals' website contains no listing of a civil proceeding filed by Collins in August 2012.[4]  According to that court's website, the only case listed under the name of "Charles W. Collins" is a direct appeal from the Madison Circuit Court, Case No. 04-CI-00470, which is docketed as *Collins Wes Collins v. Federal National Mortgage Ass'n, et al*., Case No. 2006-CA-000867-MR, filed on April 21, 2006.  That case was concluded adversely to Collins in 2007.  *See Collins v. Federal National Mortgage Ass'n, et al.*, No. 2006-CA-000867-MR, 2007 WL 3227182 (Ky. App. Nov. 2, 2007).

Thus, it appears that Collins did not file his petition in the Kentucky Court of Appeals, but that he apparently filed it in either a Kentucky district or circuit court.  Collins' allegations concerning his petition are extremely disjointed and confusing, but Collins appears to allege that he filed his petition to remedy what he claims was an unjust outcome in his domestic relations/child custody proceedings, and/or to have an adverse ruling (or rulings) declared invalid and void because of "fraud upon the court."  [*Id*., p. 3].  Collins then provided a lengthy and

---

[4] *See* http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm (last visited May 7, 2013).

3

detailed accounting of the protracted domestic relations/child custody and criminal proceedings to which he has been a party between 2003 and 2012–both in the Kentucky state courts and in this Court.[5]  [*Id.*, pp. 4-8].

Collins alleges, among other things, that Fayette Circuit Family Court Judge Jo Anne Wise violated his right to due process of law by transferring a domestic and/or child custody proceeding to which he had been a party to Scott County; that the "Fayette Judgment was not valid" and "was void by fraud," *id.*, p. 2, and that Defendants Acree, Givens, Wise, Gormley, and others acted "in concert" to deprive him of an impartial forum and to deny him due process of law.  [*Id.*, p. 3]  Collins generally alleges that the defendants to this action violated his right to due process of law during his numerous other state and federal court proceedings.

Collins initially complained that Kentucky Court of Appeals Judge Glenn Acree and Kentucky Court of Appeals Clerk Sam Givens had violated his constitutional rights by denying the petition he filed in August 2012.  By the end of his complaint, however, Collins did not request any relief concerning *that* particular proceeding, but instead sought relief relative to his underlying domestic relations proceedings. Collins seeks an order (1) declaring that the"Fayette Court" judgment was invalid, procured by fraud and deception, and violated his federal rights guaranteed under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution; (2)

---

[5] In 2008, Collins pleaded guilty in this Court to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *United States v. Collins*, No. 5:07-CR-155-KSF-HAI (E. D. Ky. 2007) [R. 67, therein] Collins received a prison sentence of twelve months and one day, followed by a three-year term of supervised release.  [R. 83, therein]  The Sixth Circuit affirmed Collins' conviction.  *United States v. Collins*, No. 08-5876 (6th Cir. Jan. 4, 2010) (unpublished order).

granting him a new trial presided over by a special judge; and (3) unspecified compensatory and punitive damages.  *See* "Relief," [R. 1, p. 11]

## DISCUSSION

Collins effectively asks this Court to overrule or set aside adverse rulings rendered in his state court domestic relations proceeding by issuing a declaratory judgment finding that the order or orders entered in the "Fayette Court" were invalid and procured by fraud.  He also asks this Court to further intervene in his state court domestic relations proceedings and appoint a new judge to preside over them.

The *Rooker-Feldman* doctrine prohibits such a result as to both Collins' specific request seeking a declaration that his domestic relations proceedings were invalid **and** his construed request seeking damages against the named defendants for allegedly interfering with or refusing to process his August 2012 "petition."  The *Rooker-Feldman* doctrine divests all federal district courts of subject matter jurisdiction to review state court judgments.  *See generally Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002).  A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States.  *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

The doctrine reflects the principle set forth in 28 U.S.C. § 1257, that the United States Supreme Court is the exclusive federal court with jurisdiction to review state court decisions.  Accordingly, the doctrine prevents district courts from entertaining challenges to state court

5

decisions, "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Thus, if Collins was dissatisfied either with a ruling or rulings rendered in his Fayette or Scott Circuit court domestic relations proceedings, **or** the manner in which his August 2012 petition was processed in state court, his remedy would have been to: (1) appeal those decisions to the Kentucky Court of Appeals; (2) if unsuccessful there, seek discretionary review in the Supreme Court of Kentucky; and (3) if unsuccessful there, ask the United States Supreme Court to review his case.

If Collins did fully appeal adverse rulings from his domestic relations cases and was unsuccessful, he cannot then ask this Court to override those results by entertaining a § 1983 action, which in essence is nothing more than a collateral challenge of the state court domestic relations proceedings. Under the *Rooker-Feldman* doctrine, Collins cannot "side-step" binding legal determinations made in his state court domestic relations proceedings by filing a § 1983 action in federal court. *See Evans v. Yarbrough*, No. 00–3588, 2000 WL 1871706, at *2 (6th Cir. Dec.13, 2000) (holding that the federal court lacked authority under the *Rooker-Feldman* doctrine to consider the plaintiff's complaint essentially "disagreeing with the manner in which his parental or visitation rights were allocated" by Ohio's domestic relations court).

To the extent that Collins is challenging adverse rulings rendered in his state court domestic relations proceedings, another related doctrine precludes his § 1983 claims. Under the "domestic relations exception" to federal jurisdiction, federal courts have no jurisdiction over domestic relations matters. As the United States Supreme Court explained in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the "domestic relations exception" to federal jurisdiction "divests

the federal courts of power to issue divorce, alimony, and child custody decrees." *Id*. at 703. This exception embodies the recognition by federal courts that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890).

The United States Court of Appeals for the Sixth Circuit has reiterated that conclusion, stating that "in the field of domestic relations, it has been [its] consistent policy to refuse to exercise jurisdiction over claims which seek to collaterally attack a state court judgment ...." *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones ... federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616–17 (6th Cir. 2003) (holding, pursuant to the domestic relations exception and the *Rooker-Feldman* doctrine, that the Court lacked jurisdiction over a § 1983 action where the constitutional claims were conclusory and "a pretense to obtain federal review of domestic relations matters").

To the extent that Collins complains of actions taken in any state court proceeding which is currently pending, whether it be his state court domestic relations proceedings or the unidentified state court action in which he filed his August 2012 "petition," this Court cannot act on such claims. A federal district court cannot interfere with a pending state court proceeding pursuant to the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts must abstain from hearing a

federal claim when a pending state proceeding involves important state interests and affords the plaintiff an adequate opportunity to raise constitutional claims. *See Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate where the state proceedings involve family matters such as divorce or child custody. *Moore v. Sims*, 442 U.S. 415, 435 (1979); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert.* denied, 513 U.S. 870 (1994). This Court will not interfere with a pending state court proceeding, particularly when it involves child custody and/or support issues. *See*, *e.g.*, *Tindall v. Wayne Co. Friend of Court*, 269 F.3d 533 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 420–21 (6th Cir. 1995); *Steele v. Steele*, No. 10-CV-40-KSF, 2011 WL 2413400, at *5-6 (E.D. Ky. June 10, 2011) (applying *Younger* doctrine and refusing to interfere with the plaintiff's pending state court domestic relations proceeding); *Steele v. Steele*, No. 12-CV-439, 2012 WL 3061028, at *7 (S.D. Ohio July 3, 2012) (recommending that under *Younger*, the district court not interfere with the pending state court domestic relations case); *Cikraji v. Cuyahoga Support Enforcement Agency*, No. C2–01–100, 2001 WL 1681126, at *1 (S.D. Ohio August 30, 2001) (dismissing plaintiff's claims under both the domestic relations exception and the *Younger* abstention doctrine because they were directly tied to a pending domestic relations case and concerned the amount of child support the plaintiff had been ordered to pay).

Collins has also failed to state an actionable claim for damages under § 1983 against Judges Jo Anne Wise and Tamra Gormley, the two defendant state court judges who have presided over the challenged domestic relations proceeding over the years, and Judge Glenn Acree, whom Collins alleges improperly denied his August 2012 "petition." It is well-settled

8

that judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Collins clearly disagrees with adverse rulings these defendants may have made, but he alleges no facts suggesting that any of them acted in the complete absence of any jurisdiction. Moreover, "[j]udicial immunity is not overcome by allegations of bad faith or malice" or of action taken "in error ... or in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13.

Further, Collins is not entitled to monetary damages from any of the defendants in their official capacities. The Tenth and Eleventh Amendments to the U.S. Constitution bar suits in federal court when the action is "in essence one for the recovery of money from the state [and] the state is the real, substantial party in interest," which invariably will be the case when the claimant sues a state employee in his official capacity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see id*. (noting "that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (*en banc*).

Finally, Collins has filed a motion to stay this proceeding until counsel can be appointed on his behalf. [R. 5] Because this proceeding will be dismissed, Collins' motion seeking either a stay and/or the appointment of counsel will be denied as moot

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      The Clerk of the Court shall administratively **RE-CLASSIFY** this proceeding as one falling under 42 U.S.C. § 1983 instead of 28 U.S.C. § 1331 and *Bivens*;

2.      Charles W. Collins' complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

3.      Collins' motion to stay this proceeding and/or for the appointment of counsel [R. 5] is **DENIED** as **MOOT**;

4.      The Court will enter an appropriate judgment;

5.      The Clerk of Court shall serve a copy of this order and judgment on defendant at his address as shown in Criminal Action No. 5:07-cr-155, *United States v. Collins*; and

6.      This action is **STRICKEN** from the active docket.

This May 13, 2013.



Signed By:

***Karl S. Forester*** $KSF$

**United States Senior Judge**